JOHN A. MIDDLEBROOK, plaintiff in error, vs. ABEL NELSON, defendant in error.

Where the law has been fairly presented to the jury by the Court, and the only question is the application of the facts, which are few, to the law, their verdict will not be disturbed upon the ground that it is contrary to law; especially, where the evidence will admit of two constructions, and the Judge, in his charge, has submitted the alternative view of the case, authorizing them to find either, according to their opinion of the testimony.

Complaint. In Harris Superior Court. Tried before Judge WORRILL. April Term, 1866.

The note sued on was given for the hire of a negro man, George. It was dated January 7th, 1861, and due Dec. 25th, thereafter.

Middlebrook, the defendant below, introduced the following evidence:

*Reubin W. Robinson*—He knew the negro boy George, for whose hire the note was given. The boy remained with defendant until sometime in February, 1861, when he was accused of committing a rape, or attempting to commit a rape, on a white woman. Witness and W. H. Spence went to the house of defendant to examine said negro, and tied him. The defendant then requested them to allow him to send for the plaintiff, the owner of the negro, before anything was done. They did so. Defendant then sent for plaintiff, who came; and defendant turned over the negro to him. Plaintiff took control of him and sent for the magistrates. The negro was put in jail, from which he was forcibly taken and burnt to death, some time about the middle of February, 1861.

Nelson, the plaintiff below, offered in rebuttal the evidence of *W. H. Spence*, who testified that the negro was taken up and carried before the magistrates, as testified to by *Robinson*, and was put in jail by the bailiff. That he was taken out of jail by a mob and burned, about the middle of February, 1861.

Counsel for Middlebrook requested the Court to charge the jury, that if the negro died from no fault of the defendant, he was bound only for hire up to the time of his death. The Court refused so to charge, but charged, amongst other things, as follows :

"It is conceded that Robinson and Spence went to defendant's house, and arrested the negro, after he had been accused of the rape, and that at the instance of defendant

they held him in custody until the plaintiff could be sent for; that, upon the arrival of plaintiff, the defendant turned over the negro to him, who took control of him, etc. Now, then, the question is, did the defendant turn over the negro to the plaintiff, merely that he might defend him against the accusation with which he was charged, or was it done in rescission of the contract for the hire of the negro? If you shall believe, from the evidence, that the defendant turned over the negro to the plaintiff, that he, as his owner, might see that he had justice done him touching the accusation with which he was charged, then you will find for the plaintiff the full amount of the note, principal and interest. But should you believe, that, at the time the negro was turned over to plaintiff, it was understood and agreed by the parties that the contract for the hire of the negro was thereby rescinded, then, the defendant is entitled to an abatement of the hire, and you will find for the plaintiff the amount of the hire while the negro was in defendant's possession."

To this charge, and to the refusal to charge, the defendant excepted. He also excepted to the verdict of the jury (which was for the full amount of the note) as being contrary to law, and to evidence, and to the weight of evidence. He made no motion in the Court below for a new trial.

MOBLEY, for plaintiff in error.

INGRAHAM, for defendant.

LUMPKIN, C. J.

We cannot but think the Judge fairly presented the issue to the jury, and it was for them to find, as best they could, what was the understanding of the parties. I apprehend, that neither Nelson nor Middlebrook could be said to have any control of the negro. He was in the custody and control of the officers of the law.

It is a hard case on Mr. Middlebrook; and we feel it the

more, as, had the Code been in force at the time the negro was put to death, Middlebrook would have been relieved. Under all the circumstances, if it be true, as represented by counsel, that the plaintiff in error is a poor man with a large family, who would be greatly straitened to pay the full hire, while the defendant is a man without family and possessed of considerable means, while the law can not interpose, I submit, will not Mr. Nelson, of his own accord, interpose for his relief?

Judgment affirmed.